UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SALOME PRITCHETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19CV458 RLW ) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim under rule 12(b)(6). The motion is fully briefed and ready for disposition. Upon review of Defendants' motion to dismiss and the related memoranda, the Court finds dismissal is warranted.

## I. BACKGROUND

Plaintiff Salome Pritchett ("Plaintiff") is a citizen of Kenya who entered the United States as a member of the foreign press on April 4, 2012. (First Amended Compl. ("FAC") ¶ 1, ECF No. 7) She filed an asylum application on October 9, 2012, which is still pending. *Id.* at ¶ 2. On August 8, 2015, Plaintiff married Bruce Pritchett, a United States citizen. *Id.* at ¶ 3. The couple resides in St. Louis County, Missouri and have a three-year-old child. *Id.* at ¶ 4. On May 3, 2017, Mr. Pritchett filed a Form I-130 Petition for Alien Relative ("Form I-130") on behalf of Plaintiff, and the couple also filed a Form I-485 Application to Register Permanent Residence or Adjust Status ("Form I-485") with the United States Citizenship and Immigration Services ("USCIS") on Plaintiff's behalf. *Id.* at ¶ 5. On December 18, 2017, Defendants approved the

Form I-130 petition, finding a good faith marriage, but Defendants did not act on the pending Form I-485 application. *Id.* at ¶¶ 9-10. On March 17, 2019, Plaintiff filed a federal cause of action to compel Defendants to adjudicate her pending Form I-485 application. *Id.* at ¶ 13.

On April 5, 2019, Defendants sent Plaintiff a Notice of Intent to Revoke ("NOIR") the Form I-130 petition that had been previously approved, alleging Plaintiff was still married to a man in Kenya. FAC ¶¶ 15-16. Plaintiff timely responded to the NOIR, which Plaintiff contends was sufficient to warrant approval of her Form I-485 application. *Id.* at ¶¶ 18-19. However, Plaintiff alleges on May 24, 2019, Defendants denied Plaintiff's Form I-485 application, which denial dismissed the favorable factors presented by Plaintiff without legal analysis. *Id.* at ¶¶ 20-25. In addition, the denial informed Plaintiff she could not appeal the decision. *Id.* at ¶ 26.

On June 28, 2019, Plaintiff filed her First Amended Complaint, alleging irreparable injury and manifest unjustness. FAC ¶¶ 76-81. Plaintiff claims she may be forced to leave the country, her job, her home, and her family because of Defendant's factual and legal errors. *Id.* at ¶ 77. In her Complaint, Plaintiff states she has exhausted all administrative remedies because she has no right to appeal the administrative decision, and Defendants' decisions were not discretionary acts such that judicial review is proper. *Id.* at ¶¶ 82-84. Plaintiff brings claims under the Administrative Procedure Act, 5 U.S.C. §§ 500 *et seq.*, and the Due Process Clause of the Fifth Amendment. *Id.* at ¶¶ 86-97. She also seeks Declaratory Judgment on Defendants' alleged violations of the Immigration and Nationality Act ("INA"). *Id.* at ¶¶ 99-105. Plaintiff asks the Court to accept jurisdiction and review of the USCIS decisions to revoke Plaintiff's Form I-130 petition and deny her Form I-485 application; declare Defendants' decisions violated the Administrative Procedure Act because they were arbitrary and capricious; declare USCIS's decisions are unlawful and in violation of the INA and the U.S. Constitution; enjoin USCIS from

denying Plaintiff's Form I-485 application and revoking her Form I-130 petition; and order USCIS to approve the pending Form I-130 petition and Form I-485 application. *Id.* at ¶¶ 121-125.

On July 16, 2019, Defendants filed the present motion to dismiss on the grounds that Plaintiff has failed to establish subject matter jurisdiction regarding the denial of Plaintiff's Form I-485 application for adjustment of status. Defendants further assert Plaintiff has failed to state a claim because her Form I-485 application has been adjudicated, and a case or controversy no longer exists.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (internal citations and quotation marks omitted). "The purpose of a Rule 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as 'judicial economy demands that the issue be decided at the outset rather than deferring it until trial.'" *B.A. v. Missouri*, No. 2:16 CV 72 CDP, 2017 WL 106433, at *1 (E.D. Mo. Jan. 11, 2017) (quoting *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990)). To dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "'the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.'" *Swiish v. Nixon*, No. 4:14-CV-2089 CAS, 2015 WL 867650, at *2 (E.D. Mo. Feb. 27, 2015) (quoting *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th

3

Cir. 2016) (internal quotation marks and citation omitted). "In a facial attack, 'the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).'" *Id.* (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (internal citations omitted)). Where a movant raises a factual attack, the court may consider matters outside the pleadings, and the non-movant does not have the benefit of the 12(b)(6) protections. *Id.* (citation omitted).

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

## III. DISCUSSION

In their motion to dismiss, Defendants contend the Court must dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) because the Court is barred from review of USCIS's

4

discretionary denial of Plaintiff's Form I-485 application.[1] In addition, Defendants assert Plaintiff has failed to allege facts sufficient to state a claim for which relief may be granted, thus warranting dismissal under Rule 12(b)(6).

### A. Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

While Defendants do not indicate whether it is lodging a facial or factual attack, the Court construes the 12(b)(1) motion to dismiss as a facial attack.[2] *See Sarvestani v. Chertoff*, No. 406CV01807-ERW, 2007 WL 1774439, at *1 (E.D. Mo. June 18, 2007) (treating defendant's motion to dismiss as a facial attack where parties did not contest the underlying facts). Here, the parties merely disagree over whether a federal district court has jurisdiction to review a final administrative agency decision. Thus, the Court will accept as true all facts alleged in the Complaint and consider only those materials necessarily embraced by the pleadings. *Carlsen*, 833 F.3d at 908. The party invoking federal jurisdiction bears the burden of establishing jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Here,

---

[1] Defendants argue, and the Court agrees, that with respect to Plaintiff's Form I-130 Petition, USCIS issued only a Notice of Intent to Revoke the previously approved Petition. It did not revoke the Form I-130 Petition, which presently remains approved. *See* 8 C.F.R. § 205.2(b) and (c) (indicating petitioner is first provided notice of intent to revoke and given the opportunity to offer evidence in opposition, after which the director shall provide a Notification of Revocation if approval is revoked). While the Court does not address whether it retains jurisdiction to review a final decision on a Form I-130 Petition revocation, the Court will dismiss Plaintiff's claims pertaining to the Form I-130, as there is currently no final decision to review.

[2] Defendants have attached to their motion the Decision denying Plaintiff's Form I-485 application and the Notice of Intent to Revoke the approval of Plaintiff's Form I-130 Petition. (Defs.' Ex. A & B, ECF Nos. 11-1, 11-2) Plaintiff specifically references these decisions in her First Amended Complaint and has also attached them to her response in opposition to the motion to dismiss. Thus, the Court finds these documents are necessarily embraced by the pleadings. *See Herbert L. R. v. Tritten*, No. 19CV00958ECTBRT, 2019 WL 5291041, at *3 (D. Minn. Oct. 18, 2019) (finding contents of immigration records necessarily embraced by the complaint and therefore properly considered in connection with defendants' motion to dismiss).

5

Plaintiff claims this Court has jurisdiction because (1) the decision was not in the discretion of the Attorney General and is reviewable; (2) the Administrative Procedure Act confers jurisdiction; and (3) Plaintiff's constitutional due process claim provides an independent basis for jurisdiction.

### 1. Discretionary Act under 8 U.S.C. § 1252(a)(2)(B)

Plaintiff asserts this Court has jurisdiction over the denial of her Form I-485 because 8 U.S.C. § 1252 does not prohibit judicial review of Defendants' conduct. However, § 1252 provides: "Notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to review--(i) any judgment regarding the granting of relief under section . . . 1255 of this title, or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B). The Attorney General has discretion under 8 U.S.C. § 1255 to adjust the status of a nonimmigrant "to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a). Thus, "[t]he final decision on an adjustment of status application is undisputably discretionary and cannot be reviewed by the courts." *Jinsheng Yu v. Chertoff*, No. 4:07CV00432 ERW, 2007 WL 9805611, at *2 (E.D. Mo. Oct. 15, 2007) (citing 8 U.S.C. §§ 1252(a)(2)(B), 1255(a)).

Indeed, the Eighth Circuit Court of Appeals has held it lacks "jurisdiction to review discretionary denials of adjustment of status 'unless the petition for review raises a constitutional claim or question of law.'" *Mutie-Timothy v. Lynch*, 811 F.3d 1044, 1048 (8th Cir. 2016) (quoting *Dukuly v. Filip,* 553 F.3d 1147, 1149 (8th Cir.2009)). Because adjustment of status is a decision committed to the discretion of the Attorney General, "a petition for review from the denial of an adjustment of status must raise a colorable legal or constitutional claim; factual arguments couched in legal or constitutional terms are insufficient to overcome the jurisdictional

6

bar." *Id.*; *see also Toby v. Holder*, 618 F.3d 963, 967 (8th Cir. 2010) (finding the court lacks jurisdiction to review the discretionary denial of adjustment of status). Therefore, the Court finds it is jurisdictionally barred from reviewing the denial of Plaintiff's Form I-485 application.[3] *Toby*, 618 F.3d at 967-68.

### 2. The Administrative Procedure Act

However, Plaintiff also argues the Court has jurisdiction over her Form I-485 under the Administrative Procedure Act. "[T]he APA alone does not confer jurisdiction on a district court to review administrative agency decisions." *Barut v. U.S. Citizenship & Immigration Serv.*, No. 06-3246-CV-S-RED, 2006 WL 2507033, at *1 (W.D. Mo. Aug. 29, 2006) (citation omitted). Although the APA, 5 U.S.C. § 704, provides judicial review for "final agency action for which there is no other adequate remedy in a court," the APA limits its application "to the extent that (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a), 704.

As stated above, the Attorney General has the discretion to make adjustment decisions. 8 U.S.C. § 1255(a). Based on this express statutory preclusion of judicial review, the APA is not available to provide judicial review of the denial of Plaintiff's Form I-485. *Barut*, 2006 WL 2507033, at *2; *see also Singh v. U.S. Citizenship and Immigration Servs.*, 878 F.3d 441, 445 (2d Cir. 2017) (finding the APA "does not empower courts to set aside agency actions" where a statute precludes judicial review). Thus, the Court finds the APA does not provide a basis for federal subject matter jurisdiction over Plaintiff's case.

---

[3] The Decision denying Plaintiff's Form I-485 explicitly states, "USCIS has determined that your case presents significant adverse factors which show that ***discretion*** should not be exercised in your favor." (Defs.' Ex. A p. 2, ECF No. 11-1) (emphasis supplied).

7

### 3. Due Process

Last, Plaintiff claims the Court may exercise jurisdiction over this matter with respect to the question of whether the exercise of discretion was *ultra vires* and violates the Due Process Clause under the Fifth Amendment to the U.S. Constitution. However, under Eighth Circuit law, "[b]ecause adjustment of status amounts to a power to dispense mercy, an alien can have no constitutionally protected liberty interest in such speculative relief and cannot state a claim for a violation of due process rights." *Guled v. Mukasey*, 515 F.3d 872, 880 (8th Cir. 2008) (citing *Etchu–Njang v. Gonzales,* 403 F.3d 577, 585 (8th Cir.2005)). Failure to obtain "discretionary adjustment-of-status relief" does not establish the deprivation of a constitutionally protected liberty interest under the Due Process Clause. *Id.* As stated above, "factual arguments couched in legal or constitutional terms are insufficient to overcome the jurisdictional bar." *Mutie-Timothy*, 811 F.3d at 1048. Here, Plaintiff is unable to establish jurisdiction based on an alleged constitutional violation.

Further, Defendants correctly note under 8 U.S.C. § 1252, judicial review of certain legal claims are reviewable "upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). The statute "does not grant jurisdiction to review questions of law in district court cases." *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009). In sum, the Court finds it lacks subject matter jurisdiction over Plaintiff's case, and dismissal under Rule 12(b)(1) is appropriate.

### B. Failure to State a Claim under Rule 12(b)(6)

Because the Court lacks jurisdiction to review the merits of Plaintiff's complaint in the first instance, Defendants' motion to dismiss under Rule 12(b)(6) is moot. *See Krumm v. Kittrich Corp.*, No. 4:19 CV 182 CDP, 2019 WL 6876059, at *1 (E.D. Mo. Dec. 17, 2019).

8

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 10) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Due to Mootness (ECF No. 4) is **DENIED** as **MOOT.** A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 3rd day of March, 2020.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**